UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WALTER C. DUMAS** | **CIVIL ACTION** |
| **VERSUS** | |
| **U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RFMSI 2005S7, ET AL.** | **NO. 25-00447-BAJ-RLB** |

RULING AND ORDER

Before the Court are the following Motions:

(1) Plaintiff's **Motion to Remand (Doc. 23)**;

(2) Defendant Sheriff Sid J. Gautreaux, III's ("Gautreaux") **Motion to Dismiss (Doc. 19)**; and

(3) Defendants U.S. Bank National Association as Trustee for RFMSI 2005S7 ("U.S. Bank") and Onity Group Inc.'s ("Onity") **Motion for Judgment on the Pleadings (Doc. 45)**.[1]

The Motions are opposed. (Doc. 22; Doc. 26; Doc. 27; Doc. 29; Doc. 35; Doc. 47). The parties filed Reply Briefs. (Doc. 25; Doc. 40; Doc. 48).

The Magistrate Judge issued a **Report And Recommendation (Doc. 49, the "Report")** recommending that the Court deny Plaintiff's Motion to Remand (Doc. 23), grant Gautreaux's Motion to Dismiss (Doc. 19), and grant U.S. Bank and Onity's Motion for Judgment on the Pleadings (Doc. 45). (Doc. 49 at 16). The Magistrate Judge further recommends that the Court dismiss Plaintiff's claims

---

[1] Onity represents that it was formerly known as Ocwen Financial Corporation. (Doc. 45 at 1; Doc. 52 at 1).

against Defendants with prejudice. (*Id.*).

Plaintiff objected to the Report and requested that the Court hear oral argument on his objections. (Doc. 50; Doc. 51). Defendants responded to Plaintiff's Objection (Doc. 52; Doc. 53). Plaintiff filed Reply Briefs in further support of his Objection (Doc. 54; Doc. 55). After carefully considering the pleadings before the Court, the Court finds oral argument unnecessary.

In this case, Plaintiff seeks to recover damages regarding the seizure and sale of his home, alleging that Defendants "jointly participated with Louisiana State officials in the illegal seizure and sale of Plaintiff's Property in violation of Plaintiff's rights secured by the Constitution and Laws of the United States, which provide the basis for Plaintiff's claim under 42 U.S.C.A § 1983." (Doc. 1-1 at 9).

In the Report, the Magistrate Judge concluded that the state court already ruled on the legality of the seizure and sale of Plaintiff's property. The Report emphasized: "Plaintiff is barred from relitigating the legality of the seizure and sale of Plaintiff's Property based on any property description discrepancy. No amendment could fix this issue[.]" (Doc. 49 at 16). As such, the Magistrate Judge recommends that the Court dismiss Plaintiff's claims.

Plaintiff objects to the Report, arguing the following: (1) the Court does not have jurisdiction to hear this case; (2) Plaintiff should be permitted to pursue his claims against Onity and U.S. Bank regarding the seizure and sale of his property because issue preclusion is not appropriate; (3) Gautreaux acted with gross negligence because he did not read the "Writ of Fieri Facias, the attached letter, and

2

judgment received April 20, 2022[.]" (*See generally* Doc. 50-1; Doc. 54; Doc. 55).

Defendants U.S. Bank and Onity respond that "Dumas's objections to the Magistrate Judge's Report and Recommendation merely seek to re-hash the same tired arguments and do not move the needle." (Doc. 52 at 2). For the following reasons, the Court agrees.

First, Plaintiff argues that the Court does not have jurisdiction over this case because the Court should have granted Plaintiff's Motion to Remand. (Doc. 50-1 at 4). Plaintiff argues that the Court should have remanded this matter to state court because Defendant Owcen Financial Corporation did not consent to removal of the case to this Court. (*Id.* at 5). The record before the Court, however, shows otherwise. As the Magistrate Judge already found:

> Ocwen Financial Corporation did not consent to the removal of this case because the entity is now called Onity Group, Inc., not Ocwen Financial Corporation. As it is clear Onity filed the joint notice of removal alongside U.S. Bank, through the same counsel, this Court finds there is no issue with consent in this case. (R. Doc. 1). "It is sufficient that consent to removal come from some person purporting to act formally on the defendant's behalf and with the authority to do so." *Nixon v. Wheatley,* 368 F. Supp. 2d 635, 639 (E.D. Tex. 2005) (quotations and citations omitted) (cleaned up). Here, U.S. Bank and Onity's counsel had the authority to remove on their behalf and did so. The proper parties joined in the notice of removal, and remand for lack of consent is unfounded.

(Doc. 49 at 6). The Court agrees with the Magistrate Judge.

Second, Plaintiff argues that the doctrine of issue preclusion should not prohibit him from pursuing his claims. Again, however, the record is clear. As the Magistrate Judge emphasized:

> [T]he main issue in this case is whether the seizure and sale of Plaintiff's

3

> Property was legal or not. Plaintiff argues the seizure was not legal because the property description included in the Amended Final Judgment differed slightly from the property description of the property seized and sold (Plaintiff's Property). Yet, Plaintiff raised this very argument in the state foreclosure action, through a Petition for Injunction to Arrest Seizure and Sale of Immovable Property with Stay Order to Dismiss Writ of Fieri Facias, Damages, and Attorney Fees. (R. Docs. 45-3). The state court initially granted his request for a stay, but, after a hearing again addressing his argument, the state court vacated the stay and denied and dismissed, with prejudice, Plaintiff's Petition for Injunction to Arrest Seizure and Sale of Immovable Property with Stay Order to Dismiss Writ of Fieri Facias, Damages, and Attorney Fees, allowing the sale to go forward. (R. Docs. 1-1 at 40; 45-5).
>
> "A writ of seizure and sale in an executory proceeding instituted by a foreclosing creditor against the borrower is a final judgment for *res judicata* purposes once the sale has occurred." *Cavalier,* 2015 WL 4429247, at *3 (citations omitted). It is clear the state concluded the property description issue made by Plaintiff in this case was immaterial to the legality of the foreclosure sale. Thus, this Court finds the issue was actually litigated and its determination was essential to the prior judgment. *Id.*

(Doc. 49 at 15). The Court agrees with the Magistrate Judge's finding.

Third, Plaintiff argues that Gautreaux acted with gross negligence by failing to read the documents relevant to the sale of Plaintiff's property such that Gautreaux should not be entitled to qualified immunity. (Doc. 50-1 at 12). Plaintiff argues:

> In this case defendant Gautreaux's action clearly show gross negligence.
>
> Defendant Gautreaux received a Writ of Fieri Facias, a letter attached to the Writ from U.S. Bank and a copy of the February 28, 2022, Amended Final Judgment. U.S. Bank letter described the property U.S. Bank wanted seized and sold at Sheriff sale.
>
> The property described in U.S. Bank Writ of Fieri Facias and U.S. Bank attached letter did not described the property described in the February 28, 2022, Amended Final Judgment.
>
> Sheriff Gautreaux knew he could not seize and sell property not described in the Writ of Fieri Facias received in his office was the result

4

> of gross negligence.
>
> Defendant Gautreaux, either failed to read the Writ of Fieri Facias or just ignored it.

(Doc. 54 at 2). As previously described, the state court found the property description issue Plaintiff asserts in this case to be immaterial to the legality of the foreclosure sale. (*See* Doc. 49 at 15). As a result, the state court denied and dismissed Plaintiff's "Petition for Injunction to Arrest Seizure and Sale of Immovable Property with Stay Order to Dismiss Writ of Fieri Facias, Damages, and Attorney Fees," with prejudice, permitting the sale of Plaintiff's property to go forward. (*Id.*). Because Plaintiff presents no new arguments that cause the Court to reach a different result here, the Court will adopt the Magistrate Judge's Report.

Having carefully considered Plaintiff's Petition (Doc. 1-1), the underlying Motions (Doc. 19; Doc 23; Doc. 45), related briefing (Doc. 22; Doc. 25; Doc. 26; Doc. 27; Doc. 29; Doc. 35; Doc. 40; Doc. 47; Doc. 48), the Magistrate Judge's Report (Doc. 49), and the parties' briefing in response to the Report (Doc. 50–Doc. 55) the Court **APPROVES** the Magistrate Judge's Report And Recommendation and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Remand (Doc. 23)** is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Gautreaux's **Motion to Dismiss (Doc. 19)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants U.S. Bank and Onity's **Motion for Judgment on the Pleadings (Doc. 45)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's **Request for Oral Argument (Doc. 51)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against all Defendants are **DISMISSED WITH PREJUDICE**.

Final judgment shall be issued separately.

Baton Rouge, Louisiana, this 23rd day of January, 2026

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**